IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL DARNELL OLIVER,                    :
AIS #207467,

Plaintiff,                                 :

vs.                                        : CIVIL ACTION 13-0315-WS-C

C.O. RODNEY L. BREWER, et al.,             :

Defendants.                                :

-------------------------------------------------------------------------------------------------------------

MICHAEL DARNELL OLIVER,                    :
AIS #207467,

Plaintiff,                                 :

vs.                                        : CIVIL ACTION 13-0254-WS-C

SERGEANT CHRISTOPHER EARL, et al.,         :

Defendants.                                :

## REPORT AND RECOMMENDATION

These § 1983 actions, filed by an Alabama prison inmate proceeding

pro se, were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and

Local Rule 72.2(c)(4) for appropriate action. Plaintiff sought and was granted

leave to proceed in forma pauperis ("IFP") in 1:13-CV-00315-WS-C. (Doc. 3).[1]

His motion to proceed IFP in 1:13-cv-00254-WS-C, however, remains pending.

The screening process revealed that these two actions should be dismissed

pursuant to 28 U.S.C. § 1915(g).

---

[1] The order authorizing IFP status is **WITHDRAWN** as improvidently granted. After a
complete review of plaintiff's litigation history, which was not fully disclosed by the
plaintiff in either of his complaints, it is clear that he is barred from proceeding IFP.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

A review of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if Mr. Oliver initiated three or more IFP actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted reveals that his request for IFP status in these two actions should be denied. From the dockets of these three courts, it is discovered that plaintiff had at least three actions, plus an appeal in one of the three, dismissed based on one of the aforementioned reasons, namely, *Oliver v. Alabama Department of Corrections at Kilby Correctional Facility, et al.*, 2:02-cv-01179-MNT-SRW (M.D. Ala. November 25, 2002); *Oliver v. Officer Morgan*, 4:03-cv-01355-RBP (N.D. Ala. July 25, 2003); and *Oliver v. Tony Patterson*, et al., 1:11-cv-00509-WS-M (S.D. Ala. October 16, 2012).[2]  Thus, plaintiff's allegations in the present actions come within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present actions pursuant to §1915(g), plaintiff's allegations need to satisfy the exception to § 1915(g), which requires a

---

[2] Other than the two cases addressed in this Report and Recommendation, Mr. Oliver has two additional cases pending in the Southern District of Alabama – 1:11-cv-00520-KD-B and 1:13-00263-KD-B.  It should also be noted that he received two strikes in Civil Action 11-00509-WS-M.  Chief Judge Steele dismissed his Complaint on March 12, 2012 for failing to state a cause of action upon relief may be granted (Docs. 19 & 29) and the Eleventh Circuit dismissed his appeal as frivolous on October 16, 2012 (Doc. 31).

showing that at the time of the complaint's filing plaintiff was "under imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie* , 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (The plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time.); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)."); *Ball v. Allen*, CA 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.)(To satisfy the exception to § 1915(g), plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"). Plaintiff, however, has not made a proper showing to avoid the bar of § 1915(g).

With respect to *Oliver v. Earl*, CA 13-0254-WS-C, plaintiff identifies eleven prison officials/employees that on or about February 5, 2012 and March 31, 2013 violated a laundry list of constitutional and statutory rights afforded incarcerated individuals.  That list includes assaults (including the use of "shocker batons" and mace), the improper filing of disciplinary charges, excessive force, violation of due process and equal protection, wantonness, cruel and unusual punishment and the violation of rules and regulations established by the Alabama Department of Corrections. (Doc. 1).  This action, however, was filed on or about

May 7, 2013, well after the dates of the alleged violations.  (Doc.1).[3] Plaintiff also alleges that instead of being afforded medical care[4] for his right arm and hand, he was subjected to disciplinary proceedings resulting in a sentence to disciplinary segregation with the loss of all privileges.

In *Oliver v. Brewer*, CA 13-00315-WS-C, plaintiff alleges that on or about May 24, 2013, six officials/employees of the Alabama Department of Corrections violated a number of his legal rights, including sexual harassment, excessive force, wantonness, maliciousness, cruel and unusual punishment, negligence, violation of equal protection and the internal rules and regulations of the Alabama Department of Corrections.  Specifically, he alleges sexual and physical assaults from the named officers on the morning of his transfer from Holman Correctional Facility in Atmore, Alabama to William E. Donaldson Correction Facility in Bessemer, Alabama.  Although the plaintiff describes vicious assaults, he reports that he was taken for medical attention and does not describe with any particularity the nature and extent of his injuries.

In reviewing each complaint's allegations, the Court does specific factual allegations that would show that plaintiff was under imminent danger of serious physical injury at the time he filed the complaint in either action. That is, CA 13-0254-WS-C was filed on or about May 7, 2013 and describes dangers that he faced on or about February 5, 2012 and March 31, 2013, *Medberry*, 185 F.3d at 1193 ("The only allegations which [Oliver] makes in his Complaint that he was in

---

[3] The Complaint is dated May 5, 2013 (Complaint, pg. 6) and was filed in this Court on May 7, 2013.

[4] Plaintiff was provided medical care after the altercation on March 31, 2013 but afterward was humiliated and roughed up by officers.  The humiliation came from having his clothes and shoes cut off with a pocketknife.  (Complaint, pgs. 8-11).

imminent danger of serious physical injury were the alleged events which formed the basis for his Complaint.  This threat, however, had ceased prior to the filing of his Complaint, and nothing therein may properly be construed as constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger."), and CA 13-0315-WS-C was a filed on or about June 13, 2013 and describes assaults that occurred on May 24, 2013 at a prison located over two hundred miles from the where the plaintiff was incarcerated at the time of the filing of the Complaint.  Thus, plaintiff is complaining about past conduct, that is, assaults that occurred prior to his filing each complaint.  Considering plaintiff's present allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time each complaint was filed.[5]

As of this date, PACER ("Public Access to Court Electronic Record") reflects that plaintiff has filed seven actions, with five actions having been filed with this Court. Three of those actions, as described above, were dismissed as frivolous or because plaintiff failed to state a claim upon which relief could be granted.  In one, 11-0509-WS-M, his appeal of Chief Judge Steele's decision that he had failed to state a claim was also dismissed as frivolous.

Because plaintiff cannot avail himself of §1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed the two actions listed in the caption, plaintiff's actions are due to be dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action

---

[5] It should also be noted that the six defendants accused of sexually assaulting the plaintiff on May 24, 2013 are different from those eleven defendants accused of assaults or failing to protect the plaintiff from assaults on February 5, 2012 and March 31, 2013.

must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to §1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that both actions be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 19th day of June, 2013.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE