# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DARNELL OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0315-WS-C |
| | ) |
| C.O. RODNEY L. BREWER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MICHAEL DARNELL OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0254-WS-C |
| | ) |
| CHRISTOPHER EARL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

These two matters come before the Court on plaintiff Michael Darnell Oliver's Motion for Relief from Obligation to Pay in Advance (doc. 15).[1]

Both of these actions were dismissed for failure to pay the filing fee pursuant to 28 U.S.C. § 1915(g), which provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

---

[1] Most of the documents referenced herein were filed simultaneously in both the *Oliver v. Brewer* action and the *Oliver v. Earl* action. For simplicity's sake and to minimize confusion, the document numbers referenced in this Order will be those in the *Brewer* case (Civil Action 13-0315-WS-C).

danger of serious physical injury." 28 U.S.C. § 1915(g). The Report and Recommendation (doc. 5), which this Court adopted in full, considered the "imminent danger of serious physical injury" exception and found it to be inapplicable. On August 12, 2013, the undersigned entered an Order (doc. 14) explaining that § 1915(g) on its face precludes Oliver from appealing these dismissals *in forma pauperis*. Simply put, having "accumulated three strikes, [Oliver] has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (citation omitted).

Now, Oliver has filed a Motion for Relief from Obligation to Pay in Advance, in which he invokes the "imminent danger of serious physical injury" exception to § 1915(g). Again, the Court has already considered and rejected this argument for the reasons stated in the Report and Recommendation. Plaintiff's new "imminent danger" arguments do not advance his position or alter the Court's conclusion that the exception is inapplicable.[2] Furthermore, to the extent that Oliver's allegation of "violation of [his] due process of law" is directed at § 1915(g), the argument is misplaced, inasmuch as the constitutionality of the three-strikes rule has been routinely upheld in the face of such challenges. *See, e.g., Ball v. Famiglio*, --- F.3d ----, 2013 WL 4038562, *2 (3rd Cir. 2013) ("[I]t is important to note that § 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary fee.") (citation omitted); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (rejecting due process objection on grounds that "Section 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status," such that a three-strikes prisoner "still has the right to file suits if he pays the full filing fees in advance, just like everyone else").

---

[2] In finding the exception not present in Civil Action 13-0254-WS-C, the Report and Recommendation explained that the complaint alleged dangers that Oliver had allegedly faced well before filing his complaint, such that there was no ongoing "imminent danger" at that time. Plaintiff does not rebut this reasoning. With regard to Civil Action 13-0315-WS-C, the Report and Recommendation reasoned that Oliver faced no imminent danger of serious physical injury because the alleged assaults occurred while Oliver was incarcerated at Holman Correctional Facility, but at the time of filing his Complaint he had already been transferred to William E. Donaldson Correctional Facility, more than 200 miles away. Oliver now protests that a Holman corrections officer telephonically "made threats to do [him] serious physical harm" if plaintiff is "returning/transferring back to Holman." (Doc. 15, at 3.) But there is no indication whatsoever that any such transfer is imminent, so plaintiff cannot be in "imminent danger."

For these reasons, plaintiff's Motion for Relief from Obligation to Pay in Advance (doc. 15) is **denied** under straightforward application of § 1915(g)'s "three strikes" rule.

DONE and ORDERED this 21st day of August, 2013.

                                             s/ WILLIAM H. STEELE
                                             CHIEF UNITED STATES DISTRICT JUDGE